FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2005 OCT 25  AM 11: 26

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SERVICEMASTER RESIDENTIAL/ COMMERCIAL SERVICES, L.P., | CIVIL ACTION NO.4:05-CV-3195 |
| Plaintiff, | |
| vs. | PROTECTIVE ORDER |
| DARREN KIRKPATRICK and TINA KIRKPATRICK, | |
| Defendants. | |

PURSUANT TO THE ATTACHED CONFIDENTIALITY STIPULATION,

**IT IS HEREBY ORDERED** that the parties' Confidentiality Stipulation is adopted as a Protective Order issued by this Court pursuant to Fed. R. Civ. P. 26(c).

Dated this 25th day of October, 2005.

_____
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SERVICEMASTER RESIDENTIAL/ <br> COMMERCIAL SERVICES, L.P., <br><br> Plaintiff, <br><br> vs. <br><br> DARREN KIRKPATRICK and TINA <br> KIRKPATRICK, <br><br> Defendants. | CIVIL ACTION NO.4:05-CV-3195 <br><br> CONFIDENTIALITY STIPULATION AND <br> PROTECTIVE ORDER |

**IT IS HEREBY STIPULATED AND AGREED** by the parties to this action, through their respective undersigned attorneys, as follows:

1. The parties consider certain of the documents and information that have been or may be requested in this lawsuit to be confidential and/or proprietary.

2. The parties may designate documents and information as "CONFIDENTIAL" in the following manner:

   a. by imprinting or stamping the word "CONFIDENTIAL" on the first page or cover page of any document produced;

   b. by imprinting or stamping the word "CONFIDENTIAL" next to or above any answer to an interrogatory;

   c. by stating in writing that certain documents that they may inspect are "CONFIDENTIAL"; or

   d. with respect to portions of a deposition or hearing transcript, (i) by making arrangements with the court reporter to bind the confidential portions of

the transcript separately and to label them as "CONFIDENTIAL," or (ii) by placing a statement on the record in the course of the deposition or hearing.

3. The parties shall not disclose the documents and information provided which have been designated as "CONFIDENTIAL" to any one other than the following:

    a. The parties' attorneys of record and any person employed by them;

    b. Defendants, through their representatives, and Plaintiff for the purpose of preparing for discovery, depositions, trial or resolution of the case;

    c. expert witnesses who have, prior to the disclosure, agreed in writing to be bound by the terms of this protective order;

    d. the Court and its staff;

    e. court reporters, to the extent necessary to conduct depositions, motions, or the trial in the case;

    f. such other persons as the parties may agree in writing prior to disclosure; and

    g. such other persons as the Court may specifically approve after notice and hearing.

4. The people to whom paragraph 3 above permits disclosure of "CONFIDENTIAL" documents and information shall make no use of the "CONFIDENTIAL" documents and information other than to conduct this litigation.

5. All pleadings, motion papers, memoranda, affidavits, declarations, exhibits, transcripts, and other papers filed with the Court that contain any confidential material shall be marked: "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE

ORDER." Such papers shall be filed with the Court in a sealed envelope, endorsed with the caption of this action, the purpose to which they relate, and a statement in the following form:

> "This envelope contains documents filed in this action by [name of Party], generally described as [title or description of document], and is not to be opened, except for review by the Court, nor are the contents thereof to be disclosed except by order of this Court."

6. Before trial, counsel for the parties shall agree as to the appropriate means of protecting the confidentiality of the documents and information that counsel desire to present at trial. If counsel cannot reach an agreement, they shall apply to the Court for resolution of the issue.

7. There shall be no reproduction whatsoever of any "CONFIDENTIAL" documents or information, except that, as required in the course of this litigation, copies, excerpts, or summaries may be shown or given to those persons authorized by this Confidentiality Stipulation and Protective Order to receive such documents or information.

8. All documents and information identified as "CONFIDENTIAL," including all copies, excerpts, and summaries, must be retained in the custody of counsel and other persons authorized by this Confidentiality Stipulation and Protective Order during the pendency of this litigation except as provided in paragraph 7 above.

9. In the event that a party desires to provide access to information or documents identified as "CONFIDENTIAL" to any person not identified in paragraph 3 above, they shall request permission to do so from the opposing party. The parties shall not unreasonably refuse to grant such permission. In the event that a party does not give permission, an opposing party may move this Court for an order that that person may be given access to the document or information. In the event that a party grants permission or the motion is granted, the person

receiving the "CONFIDENTIAL" document or information may have access to the "CONFIDENTIAL" document or information only if that person agrees in writing, before access is given, to be bound by the terms of this Confidentiality Stipulation and Protective Order.

10. In the event of any dispute with respect to the propriety of the designation of material as "CONFIDENTIAL INFORMATION," the parties shall attempt to resolve such dispute by negotiation. If such negotiations fail to resolve the dispute, any party wishing to challenge the designation of material as "CONFIDENTIAL INFORMATION" may file a motion with the Court for an appropriate Order. Until the dispute respecting the designation of material as "CONFIDENTIAL INFORMATION" is resolved, the material shall continue to be treated as "CONFIDENTIAL INFORMATION."

11. No party shall be obligated to challenge the propriety or correctness of the designation of material as "CONFIDENTIAL INFORMATION" and failure to do so shall not preclude any subsequent challenge to such designation. In the event of a challenge to the designation of material as "CONFIDENTIAL INFORMATION," the burden of proof with respect to the propriety of the confidentiality designation shall rest with the designating party.

12. Upon final termination of this action, including all appeals, any party or person holding information that has been designated as "CONFIDENTIAL" shall return the "CONFIDENTIAL" information, including all copies thereof, to the party who produced the information, or make appropriate arrangements for the destruction of the "CONFIDENTIAL" information, and all copies thereof, and provide a written acknowledgment of such destruction to

the party who produced the "CONFIDENTIAL" information, unless the parties mutually agree otherwise.

Dated: October 19, 2005

RESPECTFULLY SUBMITTED,

By   s/ John P. Passarelli
    John P. Passarelli #16018
    McGrath North Mullin & Kratz, PC LLO
    Suite 3700 First National Tower
    1601 Dodge Street
    Omaha, Nebraska 68102
    Telephone: (402) 341-3070
    Telecopier: (402) 341-0216
    jpassarelli@mnmk.com

- and -

Michael R. Gray (#175602)
Kelly W. Hoversten (#0320419)
Gray, Plant, Mooty, Mooty & Bennett, P.A.
80 South Eighth Street, Suite 500
Minneapolis, Minnesota 55402-3796
Telephone: (612) 632-3000
Telecopier: (612) 632-4444

ATTORNEYS FOR PLAINTIFF,
SERVICEMASTER
RESIDENTIAL/COMMERCIAL SERVICES,
L.P.

By   s/ David S. Houghton
    David S. Houghton #15204
    Lieben, Whitted, Houghton, Slowiaczek &
      Cavanagh, P.C., L.L.O.
    2027 Dodge Street, 100 Scoular Building
    Omaha, Nebraska 68102
    Telephone: (402) 344-4000
    Telecopier: (402) 344-4006
    dhoughton@liebenlaw.com

ATTORNEYS FOR DEFENDANTS,
DARREN KIRKPATRICK and TINA
KIRKPATRICK